**UNITED STATES of America, Appellee,**

v.

**Melvin Francis CREE, Jr., Appellant.**

**No. 89–5611.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1990.

Decided Sept. 25, 1990.

Michael F. Daley, Grand Forks, N.D., for appellant.

Dennis D. Fisher, Fargo, N.D., for appellee.

Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

On July 1, 1989, an automobile struck and killed Samson Baley Houle approximately three miles north of Dunseith, North Dakota, in Indian country. Defendant Melvin Francis Cree was the driver of the automobile. A jury found Cree guilty of involuntary manslaughter, *see* 18 U.S.C. §§ 1112 & 1153, and the court sentenced Cree under the Sentencing Guidelines to a term of 27 months in prison. Cree appeals only his sentence, arguing the district court erred (1) in increasing his base offense level for victim vulnerability and (2) in failing to reduce his base offense level for acceptance of responsibility. We agree

that the court erred in increasing Cree's offense level under § 3A1.1 of the Sentencing Guidelines, and reverse and remand this case for resentencing.

The relevant facts may be summarized briefly. Cree had been drinking with friends when they all decided to drive to a nearby lake. The party headed north together in three cars. Cree stopped at the Ben DeCoteau crossing on Highway 281 to talk to his friend David Belgarde, who was driving the car ahead of Cree's. When Cree and Belgarde looked behind them, they saw a fight had broken out between their friends in the third car and people at another party being held at Sam Standingchief's house. Both Cree and Belgarde turned around and headed back towards the fighting. As Cree drove south at a high rate of speed, his car hit Samson Houle, who was standing near the shoulder of the road.

At trial, the government presented evidence in support of the government's theory that Cree deliberately intended to strike and kill Samson Houle. Cree, on the other hand, testified that he did all he could to avoid the accident, that Houle ran in front of his car, and that he braked and swerved in an attempt to avoid hitting Houle. There were long skid marks on the highway at the scene of the accident, which Cree maintained supported his version of events. The jury acquitted Cree of the charge of second degree murder and found him guilty of involuntary manslaughter.

In sentencing Cree, the district court determined his base offense level should be increased from 14[1] to 16 under Guideline § 3A1.1, which provides:

If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by two levels.

The commentary to this Guideline states the adjustment applies "where an unusual-

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. Guideline § 2A1.4 provides the base offense level for involuntary manslaughter should be 14

if the conduct was reckless. Cree does not challenge the court's initial determination that his conduct was reckless.

ly vulnerable victim is made a target of criminal activity by the defendant."

The adjustment would apply, for example, in a fraud case where the defendant marketed an ineffective cancer cure or in a robbery where the defendant selected a handicapped victim. But it would not apply in a case where the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile.

Application Note 1, Guideline § 3A1.1.

Courts have interpreted the Guideline accordingly, reasoning that "unless the criminal act is directed against the young, the aged, the handicapped, or unless the victim is chosen because of some unusual personal vulnerability, § 3A1.1 cannot be employed." *United States v. Creech*, 913 F.2d 780 (10th Cir.1990). *See United States v. Boult*, 905 F.2d 1137, 1139 & n. 3 (8th Cir.1990); *United States v. Moree*, 897 F.2d 1329, 1335–36 (5th Cir.1990); *United States v. Salyer*, 893 F.2d 113, 116–17 (6th Cir.1989).

For example, this Court held in *Boult* that an enhancement for victim vulnerability was proper where the defendant chose his victim "because he would be an easy target" to defraud. *Boult*, 905 F.2d at 1139. The victim in *Boult* was chosen because of his age, his mental condition, his physical stature compared to that of the defendant, and his prior exposure to the defendant and his associates. *Id.* The Seventh Circuit has applied the enhancement under similar circumstances, where a defendant "decided upon the gasoline station attendant as a kidnap hostage after having observed his advanced age and respiratory problems that rendered him unable to resist and flee from attack." *United States v. White*, 903 F.2d 457, 463 (7th Cir.1990).

Courts have generally refused to enhance for victim vulnerability where "the defendant's choice of victim does not show the extra measure of criminal depravity which § 3A1.1 intends to more severely punish." *Moree*, 897 F.2d at 1335.

An armed robbery of a blind, elderly, or physically disabled shopkeeper would normally trigger § 3A1.1, because the additional vulnerability of handicap or age has been exploited. On the other hand, neither a businessman nor a bank should be considered unusually vulnerable because the bank robber knows they have cash on hand.

*Id.* at 1335–36.

In this case, defendant Cree concedes he was aware that his victim, Houle, had been drinking earlier in the day. Cree further concedes that such activity could render Houle more "vulnerable" as a victim, because it could make it more difficult for him to avoid an oncoming car. Cree nonetheless argues the district court erred in applying § 3A1.1 to enhance his sentence, because the jury concluded Cree had not "chosen" anyone when it acquitted him of second degree murder. We agree.

While ordinarily vulnerability "is the sort of fact which the trial court is peculiarly well-positioned to gauge," *White*, 903 F.2d at 463 (citing *United States v. Mejia–Orosco*, 868 F.2d 807, 809 (5th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989)), enhancing a defendant's sentence based on victim vulnerability is justified only when a defendant's actions in some way exploited or took advantage of that vulnerability. If, as the jury found, Cree did not intend to harm Houle, Cree lacked *any* "target," much less one which was selected because of an unusual vulnerability.

Moreover, even assuming, as the district judge believed, that Cree intended to hit Houle, there is no evidence that Cree chose to do so because of Houle's alcohol-related vulnerability. According to the government's theory, Cree acted out of revenge towards the Houles as a part of a larger feud on the reservation. Although Cree knew Houle had been drinking earlier in the day, there is no evidence that Cree knew the extent of Houle's intoxication. More importantly, there is no evidence that this "vulnerability" played a role in Cree's decision-making: Houle was a victim who simply "happened to be" intoxicated. *See* Application Note 1, Guideline § 3A1.1. The district court's judgment enhancing Cree's base offense level for "victim vulnerability" must, under these circumstances, be reversed.

Cree also contends the court erred in refusing to grant a two point reduction for acceptance of responsibility under Guideline § 3E1.1. In order to qualify for a sentence reduction based on acceptance of responsibility, a defendant must "demonstrate a recognition and affirmative acceptance of personal responsibility." *United States v. Thompson*, 876 F.2d 1381, 1384 (8th Cir.), *cert. denied*, ─── U.S. ───, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989). The district court was unconvinced that Cree had accepted responsibility for the offense of involuntary manslaughter because in the court's view Cree admitted only that his behavior was a "mistake." We find no basis for disturbing the court's findings in this regard. *See, e.g., id.; United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989).

Because we conclude the district court acted within its broad discretion in refusing to reduce Cree's sentence for acceptance of responsibility, but erred in enhancing Cree's sentence for "victim vulnerability," the judgment of the district court is affirmed in part and reversed in part, and the case is remanded for resentencing in accordance with this opinion.