UNITED STATES of America, Appellee,

v.

Gary PAIGE, Appellant.

No. 90–1091.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 28, 1990.

Decided Jan. 11, 1991.

Lee T. Lawless, St. Louis, Mo., for appellant.

Patricia A. McGarry, St. Louis, Mo., for appellee.

Before BOWMAN, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Gary Paige pleaded guilty to one count of interstate transportation of a stolen vehicle and two counts of transportation in interstate commerce of forged securities, in violation of 18 U.S.C. §§ 2312 and 2314. The district court imposed concurrent sentences of 51 months' imprisonment on each count, to be followed by three years' supervised release. Paige appeals his sentences, contending that the district court erred in concluding that the victims of the offenses were unusually vulnerable; that Paige had obstructed justice; and that Paige had not accepted responsibility for his crimes. We agree in part with Paige's contentions, and we remand to the district court for resentencing.

I.

Paige passed numerous falsified money orders by putting rub-on transfers on the money orders to cover the original amounts of $1 or $10 and replacing the figures with $100 or more and then using false identification cards that he had made. Paige targeted stores staffed by young Caucasian clerks, whom he considered "inexperienced and naive."

The police caught up with Paige in New Madrid County, Missouri. Paige led the highway patrol on a high speed chase, during which he threw from the stolen car he was driving torn forged money orders, false identification, and other incriminating evidence.

II.

■ Paige argues that because the victims of his fraudulent money order scheme were in no way unusual in their vulnerability, the district court erred in adjusting his sentence upward two offense levels under Sentencing Guidelines § 3A1.1, which directs that:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.

We agree with Paige, because "unless the criminal act is directed against the young, the aged, the handicapped, or unless the victim is chosen because of some unusual personal vulnerability, § 3A1.1 cannot be employed." *United States v. Cree*, 915 F.2d 352, 354 (8th Cir.1990) (quoting *United States v. Creech*, 913 F.2d 780, 782 (10th Cir.1990)). *See also United States v. Wilson*, 913 F.2d 136, 138 (4th Cir.1990) (Wilkinson, J.).

■ Paige's choice of victims does not show the extra measure of criminal depravity which section 3A1.1 intends to punish

more severely. *Cree*, 915 F.2d at 354 (quoting *United States v. Moree*, 897 F.2d 1329, 1335 (5th Cir.1990)). Section 3A1.1 is properly applied in cases where the victim has some physical or mental vulnerability, as in *United States v. Boult*, 905 F.2d 1137, 1139 (8th Cir.1990), where the defendant chose the particular victim for his age, his mental condition, his physical stature compared to that of the defendant, and his prior tested susceptibility to extortion. The clerks who accepted the falsified money orders were not physically or mentally disabled, nor were they of such youthful ages as to give rise to any presumption of unusual vulnerability.

Although ordinarily vulnerability "is the sort of fact which the trial court is peculiarly well-positioned to gauge," *Cree*, 915 F.2d at 354, we conclude that in this case the district court erred in making the finding of vulnerability, for there was no evidence of the victims' vulnerability other than Paige's own statement of his method of operation in targeting a large, loosely defined group. Lacking such evidence, the district court's finding as to vulnerability was without a factual basis.

## III.

■ Paige argues that his flight from authorities does not qualify as obstruction of justice under Guidelines § 3C1.1, and that therefore the district court erred in adjusting his sentence upward by two levels.

Guidelines § 3C1.1 directs a two level increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Several courts have found that "mere flight in the immediate aftermath of a crime, without more, is insufficient to justify a section 3C1.1 obstruction of justice enhancement." *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990). *See also United States v. Hagan*, 913 F.2d 1278, 1284–85 (7th Cir. 1990); *United States v. Garcia*, 909 F.2d 389, 392 (9th Cir.1990). As did the courts in *Hagan* and *Garcia*, we note that effec-

tive November 1, 1990, the Application Note to section 3C1.1 provides that avoiding or fleeing from arrest is conduct to which section 3C1.1 is not intended to apply. Effective that date, section 3C1.2 provides for a two-level enhancement where the defendant's flight from a law enforcement officer recklessly created a substantial risk of death or serious bodily injury to another person.

We disagree with Paige's portrayal of his actions as merely an instinctual attempt to evade arrest. Paige raced down a highway, drove on the shoulders, went around road blocks, and crossed the median to change direction, with the highway patrol in hot pursuit. He collided with an occupied car while trying to cross the median, then drove away from the scene of the accident. He threw torn falsified money orders, a military identification card, and simulated business cards from the windows of his speeding car. He did not stop until confronted by an armed state trooper.

Paige endangered others' lives and destroyed incriminating evidence in his attempt to escape justice. These facts provide adequate support for the district court's finding of obstruction of justice under Guidelines § 3C1.1, as in effect on the date of Paige's offense and sentencing. *See, e.g., United States v. Cain*, 881 F.2d 980, 982 (11th Cir.1989); *United States v. Franco–Torres*, 869 F.2d 797, 800 (5th Cir. 1989); *United States v. White*, 903 F.2d 457, 459–61 (7th Cir.1990).

## IV.

■ We have considered and find to be without merit Paige's contention that the district court erred in refusing to give him a two-level reduction in his offense level for acceptance of responsibility under section 3E1.1 of the Guidelines. This is not the extraordinary case in which a downward adjustment may be proper notwithstanding the previously imposed upward adjustment for obstruction of justice under section 3C1.1. *See* Application Note 4 to section 3E1.1.

The case is remanded to the district court for resentencing consistent with this opinion.