**UNITED STATES of America, Appellee,**

v.

**Brenda CALLAWAY, Appellant.**

**No. 91–1672.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Aug. 30, 1991.

Mark C. Meyer, Cedar Rapids, Iowa, for appellant.

Roger E. Overholser, Cedar Rapids, Iowa, for appellee.

Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Brenda Callaway appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa after she entered a guilty plea to one felony count of making a false statement to the Social Security Administration (SSA), in violation of 18 U.S.C. §§ 1001 and 2, and three misdemeanor counts of concealing an event affecting her continued right to receive benefits with the intent to fraudulently secure and convert them to a use other than that for which they were intended, in violation of 42 U.S.C. § 1383a(a) and 18 U.S.C. § 2. The district court sentenced appellant to ten months imprisonment. For reversal, appellant argues the district court erred in finding there was more than minimal planning and there was a vulnerable victim. For the reasons discussed below, we affirm in part, reverse in part and remand for resentencing.

According to the presentence report (PSR), in September 1986 Callaway's fifteen-year-old daughter, Kathryn, applied for Supplemental Security Income disability benefits on behalf of her infant daughter, Latina, who had cerebral palsy and was blind. Because Kathryn was too young, the SSA asked Callaway to become the "Representative Payee" for Latina. Callaway applied for and was granted such status, and signed a statement agreeing to notify the SSA of any changes that would affect the receipt of benefits. In December 1987 Latina was removed from Kathryn's care because of neglect and was placed in a foster home. Callaway never told Latina's foster mother about the disability payments and never notified the SSA that Latina had been removed from her home. In May 1988 Callaway complet-

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

ed and signed a statement to the SSA, indicating there were no changes in the number of people in her household. The cancelled checks showed Callaway endorsed all the disability checks. Kathryn's parental rights were terminated in April 1989, and Latina was adopted by her foster mother. The SSA terminated the benefits in August 1989 after Callaway failed to return a "Representative Payee Accounting Form" sent in April 1989. The total loss was $6,824.

The PSR determined the offense level was 8, U.S.S.G. § 2F1.1 (fraud involving loss of $5,000–10,000), and recommended a two-level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1. With a criminal history category of I, the sentencing range was 0–6 months. The government objected to the PSR's failure to increase the offense level two levels for more than minimal planning under U.S.S.G. § 2F1.1(b)(2)(A) because the offense involved repeated acts which were not purely opportune, and two levels because Latina was a vulnerable victim under U.S.S.G. § 3A1.1.

The district court found that the increase for more than minimal planning was appropriate based on Callaway's repeated acts over a period of time which were not clearly opportune. The district court focused on the fact that Callaway received the checks each month and did not inform the SSA that Latina was no longer a member of the household or use the check proceeds for Latina's benefit. The district court also found that the adjustment for a vulnerable victim was appropriate, concluding that Latina was a victim because she did not get the benefit of the money that was intended for her.

Based on these increases, the offense level was 10, resulting in a sentencing range of 6–12 months. The district court sentenced Callaway to ten months under U.S.S.G. § 5C1.1(c)(3) (sentencing alternatives when minimum term of imprisonment in sentencing range is between six and ten months), with five months in confinement and five months in a community correction center with work-release privileges, and ordered restitution.

On appeal Callaway argues the district court erred in increasing her offense level for more than minimal planning because the arrival of each check was purely opportune and not the result of any affirmative acts on her part. Callaway further argues the district court erred in adjusting her offense level for a vulnerable victim because Latina was not targeted as a victim or selected for the offense due to her disability.

■ More than minimal planning "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. Note 1(f). The district court did not err in finding the offenses involved such planning. While Callaway's receipt of the checks may have been "purely opportune," Callaway's concealment of Latina's absence and her use of Latina's benefits required repeated acts over a period of time.

■ We review a sentencing court's finding that there was a vulnerable victim for clear error. *United States v. Boult*, 905 F.2d 1137, 1139 (8th Cir.1990). Section 3A1.1 of the Guidelines provides for an enhancement if the defendant knew or should have known that the victim of the offense was unusually vulnerable due to age, or physical or mental condition. Such an enhancement is appropriate where the defendant's "choice" of victim shows the "extra measure of criminal depravity which section 3A1.1 intends to punish more severely." *United States v. Paige*, 923 F.2d 112, 113–14 (8th Cir.1991). Although the record shows that Latina was a victim and was both young and handicapped, the record does not support a finding that Callaway chose Latina as a "target" for the crime because of her youth and physical handicaps. *See United States v. Cree*, 915 F.2d 352, 354 (8th Cir.1990) (enhancement justified only when defendant's actions exploited or took advantage of victim's unusual vulnerability).

Because we conclude that the district court did not err in increasing the offense

level for more than minimal planning, but did err in enhancing Callaway's sentence under U.S.S.G. § 3A1.1, the judgment of the district court is affirmed in part, reversed in part, and remanded for resentencing in accordance with this opinion.