955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven CONLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Diane FRIEND, Defendant-Appellant.
 Nos. 89-10497, 89-10445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1992.
Decided Feb. 18, 1992.
 
 Before CHOY, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On May 20, 1988 the grand jury returned a superseding indictment charging Steven Conley and Diane Friend with one count of conspiracy under 21 U.S.C. section 846; five counts of possession of methamphetamine with intent to distribute under 21 U.S.C. section 841(a)(1); and with use of a firearm under 21 U.S.C. section 924(c)(1).[1] On September 30, 1988 Conley filed a motion to suppress evidence seized during various searches. Friend filed a similar motion on December 16, 1988. The district court denied or dismissed each of these motions on March 6, 1989. Conley and Friend were tried together on May 30, 1989 and the jury convicted Conley on all counts and Friend on all counts except use of a firearm and one of the counts for possession of methamphetamine with intent to distribute.
 
 
 3
 Appellants contend that the district court erred in denying their motions to suppress because a number of searches and seizures that uncovered evidence used to convict them were made in violation of their Fourth Amendment rights. They also claim that the district court erred in sentencing them under the United States Sentencing Commission Guidelines ("Sentencing Guidelines"). Finding appellants' claims unmeritorious, we affirm.
 
 I. Fourth Amendment Claims
 
 4
 We find that the June 7, 1987 stop of Conley at his Corvette was valid under Terry v. Ohio, 392 U.S. 1, 21 (1968) because the officer had reasonable suspicion based on articulable facts that Conley was engaged in criminal activity and that the warrantless search of Conley's Corvette at the time of the arrest was a lawful search incident to his arrest under New York v. Belton, 453 U.S. 454, 460 (1981). Thus neither the stop or search violated Conley's rights under the Fourth Amendment. Moreover, given the indicia of reliability validating informant Shawn Hof's statements and the fact that the June 7th search incident uncovered some contraband, under the Gates totality of the circumstances test, Illinois v. Gates, 462 U.S. 213, 238-39 (1983) the magistrate properly concluded that there was probable cause to support issuance of the June 9, 1987 warrant to search Conley's Corvette after it was impounded.
 
 
 5
 We also conclude that, in light of Officer William Mulcrevy's testimony, the district court did not clearly err in determining that the February 19, 1988 stop of Friend's car was not a pretext to search for evidence of drug trafficking. United States v. Lillard, 929 F.2d 500, 502 (9th Cir.1991); Taglavore v. United States, 291 F.2d 262, 265 (9th Cir.1961). In this regard we note that Friend failed to offer sufficient evidence that the district court erred in finding Mulcrevy's testimony regarding the circumstances of that stop to be credible. United States v. Fouche, 776 F.2d 1398, 1402 n. 3 (9th Cir.1985), cert. denied, 486 U.S. 1017 (1988); United States v. Baker, 850 F.2d 1365, 1368 (9th Cir.1988).
 
 
 6
 Conley and Friend's challenges to the validity of the warrant authorizing the February 19, 1988 searches of 2926 Winston Drive and 152 Hogan Avenue also are without merit. The information contained in the affidavit in support of the warrant established a sufficient nexus between the methamphetamine discovered in Friend's vehicle on February 19, 1988 and both of the residences for the magistrate to conclude that it would be reasonable to conduct the searches. United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990); United States v. Fannin, 817 F.2d 1379, 1382 (9th Cir.1987). Nor was the search warrant for these premises overbroad. On numerous occasions this court has authorized the seizure of documents indicating ownership or control of the premises searched and thus the portion of the warrant authorizing such seizure is not overbroad. See, e.g., United States v. McLaughlin, 851 F.2d 283, 286 (9th Cir.1988). Moreover, the remainder of the warrant was not overbroad because it set out with clarity the crime being investigated, listed examples of the personal property that the officer's should search for, and the officers executing the warrant had the expertise and knowledge necessary for them to distinguish the seizable articles of personal property from those not authorized under the warrant. Id. at 285-86; Fannin, 817 F.2d at 1382-83; United States v. Hayes, 794 F.2d 1348, 1354 (9th Cir.1986), cert. denied, 479 U.S. 1086 (1987).
 
 
 7
 Conley and Friend's claims that the warrant to conduct the February 20, 1988 search of the Mini-U-Storage locker f-25 was invalid also fail. The court need not address appellants' fruit of the poisonous tree argument since the searches upon which the affiant relied did not violate their Fourth Amendment rights and thus the evidence discovered during this search could not be "fruit" under Wong Sun v. United States, 371 U.S. 471 (1963). Furthermore, the affidavit provided an ample basis for the magistrate to reasonably conclude that evidence of criminal activity would be found in locker f-25. Fannin, 817 F.2d at 1382; Terry, 911 F.2d at 275.
 
 
 8
 We do conclude, however, that the district court erred as a matter of law in finding that Friend has standing to challenge the February 19, 1988 search of Modern Motor Inn room 38 as a violation of her Fourth Amendment rights. It is undisputed that room 38 was Conley's room, that Friend was staying at the Lodi Motor Inn, and that she did not even know about, let alone have a proprietary interest in, the methamphetamine seized during the search of room 38. Friend failed to demonstrate that she has a legitimate expectation of privacy in room 38 and her mere presence at the place searched is insufficient to establish standing. Minnesota v. Olson, 495 U.S. 91, 110 (1990); United States v. Grandstaff, 813 F.2d 1353, 1357 (9th Cir.), cert. denied, 484 U.S. 837 (1987); United States v. Kinsey, 843 F.2d 383, 390 (9th Cir.), cert. denied, 487 U.S. 1223 (1988).
 
 
 9
 We affirm the district court's decision not to suppress the evidence seized during the May 13, 1988 search pursuant to a search warrant of 152 Hogan Avenue and find that the warrant was not subterfuge for a search for drug money. Special Agent Seminoff's testimony was the only evidence introduced at the suppression hearing regarding Officer Arthur Raspberry's good faith in executing the warrant for 152 Hogan Avenue and given the substance of that testimony and Conley's inability to discredit it, the district court's determination that there was no subterfuge was not clearly erroneous. United States v. Washington, 797 F.2d 1461, 1470-71 (9th Cir.1986).
 
 II. Sentencing Contentions
 
 10
 Friend argues that the district court should have given her a four level reduction under Sentencing Guidelines section 3B1.2(a) for being a minimal participant or alternatively a three level reduction since her role fell somewhere between that of a minimal and minor participant. Friend, however, did not raise this objection in the district court and as a general rule this court will not consider issues that are raised for the first time on appeal. United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991). Because there are no exceptional circumstances explaining why the issue was not raised in the trial court, there was no change to section 3B1.2 during the pendency of this appeal, and the issue is not purely a question of law we will not exercise our discretion to hear the issue for the first time on appeal. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990).
 
 
 11
 Finally, we find that because Conley's April 15, 1988 flight from the police was coupled with other obstructive behavior, including endangerment of law enforcement and innocent citizens and an attempt to destroy evidence, the district court properly concluded that Conley obstructed justice within the meaning of Sentencing Guidelines section 3C1.1. United States v. Madera-Gallegos, 945 F.2d 264, 267-68 (9th Cir.1991); United States v. Paige, 923 F.2d 112, 114 (8th Cir.1991); United States v. White, 903 F.2d 457, 462 (7th Cir.1990).[2] Moreover, under this court's decision in United States v. Avila, 905 F.2d 295, 297-98 (9th Cir.1990), our finding that the district court properly enhanced Conley's sentence for obstruction of justice under section 3C1.1 dictates that we also uphold as not clearly erroneous the district court's refusal to reduce Conley's sentence level by two points for acceptance of responsibility under section 3E1.1.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Conley was charged with use of a firearm under two counts and Friend under one
 
 
 [2]
 Although we need not address Conley's claim that the district court erred when it increased his base offense level by two points for obstruction of justice under section 3C1.1 because the district court indicated that it would have imposed the same sentence even without the upward adjustment, United States v. Turner, 881 F.2d 684, 688 (9th Cir.), cert. denied, 493 U.S. 871 (1989), we nonetheless choose to reach the issue because of its impact on Conley's other alleged sentencing error