972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lisa A. PATTERSON, Defendant-Appellant.
 No. 91-3146.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 3, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Lisa Patterson pleaded guilty to one charge of converting government funds in excess of $100.00, in violation of 18 U.S.C. § 641. In determining the appropriate sentence under the United States Sentencing Guidelines, the district court applied a two-level enhancement for "more than minimal planning" to Ms. Patterson's base offense level. U.S.S.G. § 2B1.1(b)(5). The district court sentenced Ms. Patterson within the resulting guideline range to seven months' imprisonment, to be followed by three years of supervised release. Ms. Patterson appeals her sentence, arguing that the enhancement for "more than minimal planning" was inappropriate. We affirm.
 
 
 2
 At the time of her offense, Ms. Patterson was the wife of an active-duty soldier of the United States Army. The Army/Air Force Exchange Service (AAFES) operates certain facilities at Fort Benjamin Harrison, Indiana, that are designed to provide goods and services to active-duty servicemen and their dependents. Among other things, AAFES provides a check-cashing service to active-duty members of the military and their families. Free of charge, members and their dependents may cash checks of up to $150.00. Over a 13-day period, Ms. Patterson negotiated a series of 31 checks to the AAFES at Fort Benjamin Harrison for a total of $3,043.36. All of the checks were returned for insufficient funds. Ms. Patterson used the proceeds from the checks to purchase clothing for her children, hygiene items, and to support her cocaine habit. These 31 checks formed the basis of her conviction for converting government funds. In assessing a two-level enhancement for "more than minimal planning" the district court explained:
 
 
 3
 I think that [U.S.S.G. § ] 1B1.1 clearly says that in order to not have two points added in this matter you have got to show that each instance is purely opportune, and it stretches the imagination of the Court to suggest to the Court that 30 checks--recognizing there were 31 checks written. It would be every check written after the first one--was purely opportune. I think this is a clear case of more than minimal planning.
 
 
 4
 (Sent.Tr. at 15).
 
 
 5
 We review a district court's finding of "more than minimal planning" under a clearly erroneous standard. United States v. Maciaga, No. 91-3075, 1992 U.S.App. LEXIS 12965 at * 5 (7th Cir. June 8, 1992). This Court will reverse the district court's determination only if we are left " 'with a definite and firm conviction that a mistake has been committed.' " United States v. White, 903 F.2d 457, 466 (7th Cir.1990) (quoting United States v. Herrera, 878 F.2d 997, 1000 (7th Cir.1989)).
 
 
 6
 The Sentencing Guidelines define "more than minimal planning" in relevant part as follows:
 
 
 7
 "More than minimal planning" means more planning than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense....
 
 
 8
 "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property offenses.
 
 
 9
 U.S.S.G. § 1B1.1, Application Note 1(f). Ms. Patterson argues that the facts surrounding her case fall far short of the degree of planning necessary to constitute "more than minimal planning" under the guidelines.
 
 
 10
 This Court has recognized that there are three distinct categories of offenses that justify an enhancement for "more than minimal planning": those offenses that involve more than typical planning, significant steps to conceal, or repeated acts. Maciaga, 1992 U.S.App. LEXIS 12965 at * 7. In her brief, Ms. Patterson effectively argues that her case falls into neither of the first two categories, and we are inclined to agree. We conclude, nevertheless, that her offense does fall into the "repeated acts" category. Ms. Patterson cashed a series of 31 checks, over a short period of time, at the same location.
 
 
 11
 Contrary to the defendant's assertion in her brief, our decision does not represent the "nadir" of the "more than minimal planning" enhancement. This holding is consistent with the language of the guidelines: The 31 insufficient fund checks issued within 13 days constitute "repeated acts over a period of time" and, as the district court found, each instance was not "clearly opportune." U.S.S.G. § 1B1.1, Application Note 1(f). Our holding is also consistent with the case law. See, e.g., United States v. Doherty, Nos. 91-3291 & 91-3352, 1992 U.S.App. LEXIS 16866 (7th Cir. July 24, 1992) ("repeated acts" support enhancement for "more than minimal planning" in check kiting scheme involving 40 bad checks written over a period of one month); United States v. Callaway, 943 F.2d 29 (8th Cir.1991) ("repeated acts" support "more than minimal planning" since defendant repeatedly cashed monthly disability checks, did not inform the Social Security Administration that beneficiary was no longer living in the defendant's household, and check proceeds were not used for beneficiary's welfare); United States v. Cianscewski, 894 F.2d 74 (3d Cir.1990) ("more than minimal planning" upheld after defendant sold stolen checks on three prearranged occasions during a three-week period); United States v. Scroggins, 880 F.2d 1204 (11th Cir.1989), cert. denied, 494 U.S. 1083 (1990) ("repeated acts" support "more than minimal planning" since defendant committed a series of nineteen postal thefts).
 
 
 12
 The district court's finding that the defendant engaged in "more than minimal planning" is not clearly erroneous.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs