**UNITED STATES of America, Appellee,**

v.

**Eldon V. COATES, Appellant.**

**No. 92-3014.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1993.

Decided June 28, 1993.

David R. Stickman, Omaha, NE, argued, for appellant.

Michael P. Norris, Asst. U.S. Atty., Omaha, NE, argued, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Eldon V. Coates appeals from the ninety-seven month sentence imposed by the district court [1] upon his plea of guilty to kidnapping, in violation of 18 U.S.C. §§ 7, 1152, 1201. We affirm.

**I.**

On July 19, 1991, Coates waived indictment and entered a guilty plea to an information charging that on or about July 25, 1990, Coates had kidnapped an Indian male juvenile under the age of twelve for the purpose of having abusive sexual contact with him. Coates pled guilty pursuant to a plea agreement. In the agreement, Coates stipulated that he had engaged in abusive sexual con-

---

1. The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska.

tact with two other Indian juvenile males in two incidents that occurred, respectively, in 1988 and 1989. Coates further stipulated that the 1988 and 1989 incidents were relevant conduct that could be included in calculating his appropriate sentencing range under the United States Sentencing Guidelines.

The district court accepted both the plea and the plea agreement and ordered the U.S. Probation Office to prepare a presentence report prior to sentencing.

On November 15, 1991, Coates appeared before the district court for imposition of sentence. Coates objected, *inter alia*, to the probation officer's recommendation that the district court enhance Coates's sentence by two levels under U.S.S.G. § 3A1.1 due to the presence of a vulnerable victim. (All references to the United States Sentencing Guidelines are to the 1990 edition of the Sentencing Guidelines, unless denoted otherwise.) The district court overruled Coates's objection to the presentence report and sentenced Coates to a term of ninety-seven months' imprisonment, to be followed by a term of five years of supervised release.

Coates appealed, contending that the district court erred in increasing his offense level by applying the section 3A1.1 vulnerable victim adjustment.

On June 4, 1992, we remanded to the district court for reconsideration of Coates's sentence in the light of the 1991 amendments to the Guidelines. 963 F.2d 377. The United States Probation Office had prepared the original presentence report on August 19, 1991, based upon an anticipated sentencing date of October 2, 1991. The sentencing hearing, however, was not held until November 15, 1991, after the November 1 effective date of the 1991 amendments to the Guidelines.

On August 28, 1992, Coates again appeared before the district court for sentencing in the light of the amended version of the Sentencing Guidelines. The district court observed that the 1991 Guidelines provided a stiffer sentencing range than the 1990 version under which it had originally sentenced Coates, and offered Coates his choice concerning which set of Guidelines it would apply.

Coates selected the 1990 Guidelines and received the ninety-seven month sentence that the court had previously imposed.

## II.

The district court used the following procedure in determining Coates's sentence under the 1990 Sentencing Guidelines. First, the court computed Coates's base offense level pursuant to U.S.S.G. § 2A4.1(a), which provided a base offense level of 24 for the kidnapping offense to which Coates had pled guilty. Next, the court reduced Coates's base offense level by one level pursuant to U.S.S.G. § 2A4.1(b)(4)(C), because "the victim was released before twenty-four hours had elapsed," bringing the total offense level to 23. Next, the district court increased Coates's offense level by four levels pursuant to U.S.S.G. § 2A4.1(b)(5) because Coates had kidnapped his victim to facilitate the commission of another offense. The district court then enhanced Coates's offense level by two levels pursuant to section 3A1.1 because Coates "knew or should have known that [his victim] was unusually vulnerable." Last, the court deducted two levels for acceptance of responsibility under section 3E1.1, for a final total offense level of 27. Under the 1990 Guidelines, Coates's criminal history score placed him in Category II. A base offense level of 27 and a criminal history score in Category II resulted in an imprisonment range of 78 to 97 months.

The district court used the following procedure in determining Coates's alternative sentence under the 1991 Sentencing Guidelines. First, the court computed Coates's base offense level pursuant to U.S.S.G. § 2A4.1(a), which provided a base offense level of 24 for the kidnapping offense to which Coates had pled guilty. Next, the court reduced Coates's base offense level by one level pursuant to U.S.S.G. § 2A4.1(b)(4)(C), because "the victim was released before twenty-four hours had elapsed," bringing the total offense level to 23. Next, the district court increased Coates's offense level by three levels pursuant to U.S.S.G. § 2A4.1(b)(5) for sexually exploiting his victim, yielding a total offense level of 26. The district court then enhanced Coates's offense level by two levels

pursuant to section 3A1.1, for a total offense level of 28, because Coates "knew or should have known that [his victim] was unusually vulnerable." The district court then enhanced Coates's offense level by one level pursuant to section 3D1.4 for closely related counts, namely, the other two incidents to which Coates had stipulated, for a total offense level of 29. Last, the court deducted two levels for acceptance of responsibility under section 3E1.1, for a final total offense level of 27. Under the 1991 Guidelines, however, Coates's criminal history score placed him in Category III. A base offense level of 27 and a criminal history score in Category III resulted in an imprisonment range of 87 to 108 months.

## III.

■ Coates argues that the district court erroneously enhanced his total offense level by applying the vulnerable victim adjustment of U.S.S.G. § 3A1.1. Specifically, Coates contends that the court used the age of the victim twice to increase his total offense level. Coates claims that the victim's age served as a basis for the four-level increase pursuant to U.S.S.G. § 2A4.1(b)(5), which provided for an enhancement if the defendant kidnapped the victim to facilitate the commission of another offense. Coates then suggests that the district court used age again as the basis for the two-level adjustment pursuant to U.S.S.G. § 3A1.1. Section 3A1.1, n. 2 directs the district court not to apply the vulnerable victim adjustment if "the offense guideline specifically incorporates this factor." Accordingly, the issue before us is whether section 2A4.1 "specifically incorporated" the same ground of vulnerability used by the district court to enhance Coates's base offense level under section 3A1.1.

United States Sentencing Guideline § 2A4.1 (1990) provides, in pertinent part:

(a) Base Offense Level: 24

.   .   .   .   .

(b)(5) If the victim was kidnapped, abducted, or unlawfully restrained to facilitate the commission of another offense: (A) increase by 4 levels. . . .

United States Sentencing Guideline § 3A1.1 (1990), provides, in pertinent part:

If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.

United States Sentencing Guideline § 3A1.1 (1990) n. 2 provides:

Do not apply this adjustment if the offense guideline specifically incorporates this factor. For example, where the offense guideline provides an enhancement for the age of the victim, this guideline should not be applied unless the victim was unusually vulnerable for reasons unrelated to age.

First, we examine the computation of Coates's base offense level under section 2A4.1 to determine whether this offense guideline specifically incorporated age as a factor. Coates pled guilty to kidnapping, a violation of 18 U.S.C. § 1201, which resulted in a base offense level of twenty-four pursuant to section 2A4.1(a). Because neither the crime to which Coates pled guilty (kidnapping) nor the kidnapping guideline (section 2A4.1(a)) contained any reference to age, the district court's computation of Coates's initial base offense level did not specifically incorporate age as a factor.

Next, we examine the reason the district court advanced to support the four-level enhancement to Coates's offense level pursuant to section 2A4.1(b)(5). The district court enhanced Coates's base offense level because Coates kidnapped his victim "to facilitate the commission of another offense," here, the sexual abuse of a minor. Coates argues that because the "other offense" conduct was the sexual abuse of a minor, age was *per se* factored into the four-level enhancement. For the reasons set forth below, we disagree.

First, we note that although the offense in Coates's case happened to involve abusive sexual contact with a minor, section 2A4.1(b)(5) is age-neutral in general, because the district court would have been required to add the enhancement if Coates had kidnapped any person with the intent to facilitate any additional offense, not only offenses

involving a minor or a sexual abuse crime. For example, the district court would have been obligated to award Coates a four-level enhancement if he had kidnapped a forty-year old man for the purpose of committing any other offense, whether abusive sexual contact or, for example, holding him for ransom. Thus, although Coates's victim happened to be young, it was the fact that Coates abducted his victim for an additional criminal purpose, and not the victim's youth, that triggered the four-level enhancement.

Second, our analysis is further supported by the fact that other offense guidelines in the 1990 Guidelines, in contrast to section 2A4.1(b)(5), did specifically incorporate age as a factor. For example, U.S.S.G. § 2A3.1(b)(2) (1990), addressing Criminal Sexual Abuse, provided for a two-level enhancement if the victim was less than sixteen years, and a four-level enhancement if the victim was less than twelve years. Likewise, U.S.S.G. § 2G2.1(b)(1) (1990), concerning the Sexual Exploitation of a Minor, provided a two-level enhancement if the victim was less than sixteen years, and a four-level enhancement if the victim was less than twelve years. Both of these guidelines "specifically incorporate" the age of the victim such that an additional § 3A1.1 enhancement, if based upon age alone, could potentially give rise to a valid "double counting" argument. *See, e.g., United States v. Altman,* 901 F.2d 1161, 1165 (2d Cir.1990).

■ Having determined that the district court did not penalize Coates twice based upon the age of his victim, we now turn to Coates's argument that the district court erroneously awarded him a two-level enhancement based upon the vulnerability of his victim pursuant to section 3A1.1. A sentencing court's finding that there was a vulnerable victim "is a factual determination reviewable under the clearly erroneous standard." *United States v. Boult,* 905 F.2d 1137, 1139 (8th Cir.1990); *United States v. Callaway,* 943 F.2d 29, 31 (8th Cir.1991). We have held that "[s]ection 3A1.1 is properly applied in cases ... where the defendant chose the particular victim for his age, his mental condition, [or] his physical stature compared to

that of the defendant." *United States v. Paige,* 923 F.2d 112, 114 (8th Cir.1991).

The district court observed that the children that Coates sexually abused were "unusually vulnerable due to their age and ... that physically they were more susceptible ... to the defendant." The facts reported in the presentence report provide substantial support for the district court's conclusion. They demonstrate that Coates selected his victims based, in part, upon their age and small physical size when contrasted with his own. *See Paige,* 923 F.2d at 114. Coates admitted preying on the naivete of his child victims. For example, he admitted to enticing some of the child victims with soda pop. Coates also took advantage of his superior size, intimidating each of his three child victims, slapping one, and threatening to "rip off" the penis of another. Although the district court did not have any opportunity to observe the victims, it did have an opportunity to observe Coates, who, at 5'11" and 230 lbs., would clearly have a great advantage in size over his victims, who were, respectively, eight, nine, and twelve years old. Accordingly, the district court properly assessed a two-point adjustment for the presence of a vulnerable victim.

Because the district court sentenced Coates under the 1990 Guidelines, we are not required to reach his arguments concerning the double-counting of his offense conduct under the 1991 Guidelines. Nonetheless, because Coates may have decided to be sentenced under the 1990 Guidelines due to the district court's announcement that he would face a greater maximum sentence under the 1991 Guidelines, we address this issue. With respect to the 1991 Guidelines, Coates argues that the district court double-counted his offense conduct in effecting a three-level enhancement under section 2A4.1(b)(5) for his sexual exploitation of the victim, and then enhancing his offense level by an additional two levels under section 3A1.1. As with the 1990 Guidelines, we note that section 2A4.1(b)(5) is age-neutral, in that it would require the district court to enhance Coates's sentence regardless of the age of his victim, if Coates had sexually exploited the kidnapped victim. Thus, the district court prop-

erly added two levels for a vulnerable victim in computing Coates's proposed sentence under the 1991 Guidelines. Accordingly, Coates was not compelled to choose to be sentenced under the 1990 Guidelines on the basis of an erroneous computation under the 1991 Guidelines.

The sentence is affirmed.