**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

No. 96-2894

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Michael P. Hogan, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted:  January 15, 1997

Filed:      July 31, 1997

———————

Before BEAM, ROSS, and HANSEN, Circuit Judges.

———————

HANSEN, Circuit Judge.

Michael Hogan pleaded guilty to making counterfeit securities in violation of 18 U.S.C. § 513(a) (1994) and making false income tax returns in violation of 26 U.S.C.

§ 7206(1) (1994).  On appeal, he challenges the district court's application of the United States Sentencing Guidelines.  We affirm in part and reverse and remand in part.

## I.

In 1987, Michael Hogan, a licensed insurance salesman and securities broker, began selling counterfeit certificates of deposit (CDs) to his customers.  He sold over $2.2 million of these counterfeit CDs from 1989 to 1995 and used most of the proceeds to support his gambling habit.  In addition, he diverted substantial sums of money from his customers, including money intended for insurance premiums and investments in mutual funds.  Hogan did not report any of this stolen money as income on his federal tax returns.

Hogan was charged with making false income tax returns and making counterfeit securities.  He pled guilty to the charges and was sentenced accordingly.  In calculating Hogan's sentence on the false securities charge, the district court added two offense levels based on the vulnerable victim adjustment of section 3A1.1(b) of the United States Sentencing Guidelines.  The court also departed upward two additional levels on the basis that Hogan had knowingly endangered the solvency of some of his clients.  See United States Sentencing Commission, Guidelines Manual, § 2F1.1, comment. (n.10(f)) (Nov. 1995).  With a total offense level of 22 and a criminal history category of I, rendering an applicable sentencing range of 41-51 months, the district court imposed a 51-month term of imprisonment on the false securities charge and a concurrent term of 36 months on the federal tax evasion charge.  Hogan appeals.

## II.

Hogan challenges the district court's application of sections 3A1.1(b) and 2F1.1 of the Sentencing Guidelines.

Hogan's first argument focuses on the difference between the 1993 and 1995 Guidelines in their standards for applying the vulnerable victim adjustment of section 3A1.1. Both versions of the Guidelines provide for a two-level increase when "the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1 (Nov. 1993); USSG § 3A1.1(b) (Nov. 1995). The two versions differ, however, in their commentary to this provision. Application note 1 of the 1993 commentary explains that this adjustment applies only when the defendant "targets" the vulnerable victim. The 1995 version eliminates the targeting requirement, merely requiring a showing that the defendant knew or should have known of the victim's unusual vulnerability.

The parties agree that the 1993 Guidelines apply to this case, because that version was in force at the time of Hogan's criminal activity. See United States v. Bell, 991 F.2d 1445, 1452 (8th Cir. 1993). Hogan contends the district court erroneously applied the 1995 version of the Guidelines. In support of his contention, he points to the district court's judgment, which cites the 1995 Guidelines. Relying upon the district court's explanation for its decision at the sentencing hearing, the government maintains that the court actually applied the standard of the 1993 version, despite the incorrect citation in the judgment. Considering the ex post facto concerns of applying the incorrect version of the Guidelines, see id. at 1448-52, we would normally remand for clarification on this issue. After reviewing the record of this case, however, we conclude that no clarification is necessary, because the record does not support an upward adjustment under the 1993 version of the vulnerable victim adjustment.

A district court's determination that the vulnerable victim adjustment is warranted turns on a factual finding subject to the clearly erroneous standard of review. United States v. Stover, 93 F.3d 1379, 1386 (8th Cir. 1996). To meet the vulnerable victim standard of the 1993 Guidelines, the government must establish not only that the defendant chose a vulnerable victim as the target for criminal activity, but that the

defendant targeted that particular victim because of his or her vulnerability. See United States v. Callaway, 943 F.2d 29, 31-32 (8th Cir. 1991) (reversing the district court's imposition of the two-level upward adjustment where the victim -- defendant's granddaughter -- was an infant, blind, and afflicted with cerebral palsy, but the record did not support a finding that the defendant chose the granddaughter from whom to steal social security benefits because of her infancy and physical handicaps).

We agree with Hogan that the government failed to meet its burden of proof under section 3A1.1 (Nov. 1993). Although the evidence indicates that some of Hogan's victims were unusually vulnerable, and that he knew or should have known of their financial situations, the record cannot support a finding that Hogan targeted the victims because of their vulnerability. The testimony at the sentencing hearing does not support such a finding, and the Presentence Investigation Report states that the probation officer could find no evidence that Hogan sought out particular people because of their vulnerability. To the contrary, it appears Hogan indiscriminately took advantage of a variety of investors, both young and old, including relatives, friends, and strangers. While we find this criminal activity totally reprehensible, it does not fall within the ambit of section 3A1.1 of the 1993 Sentencing Guidelines.

The government urges that the upward adjustment is warranted, because the evidence establishes that Hogan knew or should have known about the dire financial situations of some of his clients. While this evidence might suffice under the current version of the Guidelines, it does not meet the more stringent "targeting" standard of the 1993 Guidelines, as explained in Callaway, supra.

Next, Hogan argues the district court erred in applying a two-level upward departure under Application Note 10(f) of USSG § 2F1.1 (Nov. 1995). Application Note 10(f) provides for an upward departure for an offense involving fraud or deceit where the defendant knowingly endangered the solvency of one or more victims. (The language of the application note is the same in both the 1993 and 1995 versions of the

4

Guidelines.) Hogan claims there was no evidence in the record supporting the conclusion that he knew about his clients' potential insolvency.

We find that the district court's upward departure under section 2F1.1 was not an abuse of discretion. See Koon v. United States, 116 S. Ct. 2035, 2046-47 (1996) (standard of review). In many instances, Hogan defrauded victims whose investments in Hogan's counterfeit CDs seriously endangered their insolvency. Some of these people were at or near retirement age, relying on small, fixed incomes in conjunction with their investments to maintain solvency. Others were dealing with serious medical conditions and were depending on their investments to pay medical bills. Still others were depending upon their investments to finance their college education. Hogan knew some of these people quite well, as they were his friends and relatives. The district court could reasonably have inferred Hogan knew his criminal activity endangered the solvency of at least one of his victims. Cf. United States v. Ross, 77 F.3d 1525, 1551 (7th Cir. 1996) (affirming upward departure where fraud against students of their student loan money resulted in risk of insolvency and potential loss of educational opportunity).

Finally, Hogan contends that the district court erred in applying both the vulnerable victim adjustment and the upward departure for knowing endangerment of insolvency, because doing so amounted to double counting. Having found the evidence lacking to support the vulnerable victim adjustment, we need not address this argument.

III.

For the above reasons, we affirm the district court's upward departure under Application Note 10(f) of USSG § 2F1.1 (Nov. 1995), but we reverse the court's enhancement of Hogan's sentence based on USSG § 3A1.1 (Nov. 1993). We remand the case for resentencing in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.