IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20499
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERI B. RIDEAUX,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-622-1
- - - - - - - - - -
March 20, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Peri Rideaux appeals her sentence for six counts of embezzlement and theft of a veteran's pension checks, in violation of 18 U.S.C. § 641. Although Rideaux was for several months the legal fiduciary for World War II veteran Willis Collier, she continued to receive and to either deposit or cash Collier's Department of Veterans Affairs ("DVA") checks after late January 1998, after which time Collier was no longer in her care.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rideaux contends that the district court clearly erred in including a June 24, 1998, DVA check for $5,208 (the "June 1998 check") in computing the loss attributable to her for sentencing purposes under U.S.S.G. § 2B1.1(b)(1).  Noting that she was acquitted of the indictment count charging her with embezzling the June 1998 check (but acknowledging that the district court was permitted to consider such conduct at sentencing), Rideaux argues for the first time on appeal that she believed in good faith that she was entitled to keep the proceeds of the check as it was granted for "Aid and Attendance" for Collier, retroactive to June 1997.  She asserts that she thought the check was for "services" already rendered to Collier by herself and her mother, Carolyn Boudreaux, who had been Collier's fiduciary until her death in October 1997.  Rideaux cannot show plain error as to this claim, because she has never presented documentation to show that she actually expended funds for Collier so as to warrant that she, rather than Collier, should be the beneficiary of the proceeds of the June 1998 check.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  In any event, any error is harmless, because Rideaux has not shown that, even if she were entitled to the portions of the June 1998 check applicable to the months when she was personally taking care of Collier, such change to the amount of loss would have affected her offense level under U.S.S.G. § 2B1.1(b)(1).  See FED. R. CRIM. P. 52(a).

Rideaux also contends that the district court clearly erred in raising her offense level for "more than minimal planning" under U.S.S.G. § 2B1.1(b)(4)(A).  She maintains that her receipt of the

check was "purely opportune." <u>See</u> U.S.S.G. § 1B1.1, comment. (n.1(f)). Rideaux's failure to advise the DVA that she was no longer taking care of Collier and her continued receipt and cashing of DVA checks meant for him involved "repeated acts over a period of time" and did not constitute "'spur of the moment conduct.'" <u>See</u> <u>id</u>.; <u>United States v. Cheatham</u>, No. 93-5286 (5th Cir. Mar. 24, 1994), p. 2 (unpublished) (citation omitted); <u>see</u> 5TH CIR. 47.5.2 (unpublished opinions issued before January 1, 1996, are precedent); <u>see</u> <u>also</u> <u>United States v. Callaway</u>, 943 F.2d 29, 30 (8th Cir. 1991). The district court did not clearly err in concluding that this amounted to "more than minimal planning." <u>See</u> <u>United States v. Burns</u>, 162 F.3d 840, 854 (5th Cir. 1998).

The sentence is AFFIRMED.