UNITED STATES of America, Appellee,

v.

James Willis ROBERTS, Appellant.

No. 81–1170.

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1981.

Decided June 11, 1981.

Rehearing and Rehearing En Banc
Denied June 30, 1981.

Phillip F. Cardarella, Kansas City, Mo.,
for appellant.

J. Whitfield Moody, U. S. Atty., Anita L.
Mortimer, Asst. U. S. Atty., Kansas City,
Mo., for appellee.

Before HEANEY, BRIGHT and McMIL-
LIAN, Circuit Judges.

1. The Honorable William R. Collinson, United
States Senior District Judge for the Western
District of Missouri.

PER CURIAM.

James Willis Roberts appeals from his
conviction for possession with intent to dis-
tribute marijuana, in violation of 21 U.S.C.
§ 841(a)(1), in the District Court for the
Western District of Missouri.[1] The district
court sentenced appellant to three years
imprisonment plus a special parole term of
two years. For reversal appellant argues
that the warrantless seizure of over 900
pounds of marijuana from a private storage
facility he had leased in Independence, Mis-
souri, was unreasonable and violated his
fourth amendment rights. For the reasons
discussed below, we affirm the judgment of
the district court.

This is the second appeal of this case.
Following an indictment charging him with
two counts of possession with intent to dis-
tribute marijuana, in violation of 21 U.S.C.
§ 841(a)(1), appellant filed a motion to sup-
press, alleging the warrantless seizure of
the marijuana violated the fourth amend-
ment. The district court granted the mo-
tion to suppress. On appeal a majority of
the panel reversed the district court on both
counts. Appellant's subsequent motion for
rehearing en banc was granted. The ma-
jority of the court en banc reversed the
district court's suppression order on Count I
(the count which is the basis of the convic-
tion now on appeal) and affirmed the dis-
trict court on Count II. The majority held
that the discovery and seizure of the mari-
juana in Count I were conducted by private
parties without government participation
and therefore did not violate the fourth
amendment. *United States v. Roberts*, 644
F.2d 683, 687–88 (8th Cir.) (banc), *cert. de-
nied*, — U.S. —, 101 S.Ct. 79, 66
L.Ed.2d 23 (1980). The case was then re-
manded to the district court for further
appropriate proceedings.

On remand appellant waived trial by jury
and special findings of fact by the district
court. Accompanying this waiver was a

joint stipulation of all the facts upon which the district court could arrive at a finding of guilty or not guilty. Both parties also waived an evidentiary hearing. The district court found appellant guilty beyond a reasonable doubt of the offense charged.[2] This appeal followed.

Appellant argues that the warrantless seizure of the marijuana violated the fourth amendment. The court is familiar with the circumstances surrounding the discovery and seizure of the marijuana. *See id.* at 685–86. The district court did not err in refusing to suppress the marijuana. This very issue was resolved against appellant in the first appeal. *Id.* at 687–88. "Where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." 1B Moore's Federal Practice ¶ 0.404[10], at 571 (2d ed. 1980) (footnotes omitted).

> We note, however, that
>
> the federal doctrine of law of the case merely expresses the practice of federal courts generally to refuse to reopen what has been decided, not a limit to their power. The doctrine embodies a salutary rule of practice that when a federal appellate court has established a rule of law for the case at bar it will not, on a successive appeal, depart therefrom in deciding the same issues, except for cogent reasons. In brief, the doctrine does not rigidly bind the appellate court, but is addressed to its good sense, and the court will depart from its prior legal pronouncements when the circumstances of the case warrant.

*Id.* at 573–74 (footnotes omitted); *see, e. g., United States v. Fernandez*, 506 F.2d 1200, 1202–04 (2d Cir. 1974). We decline to depart from our prior ruling and accordingly affirm the judgment of the district court.

2. *United States v. Roberts*, No. 79–00017–01–CR–W–2 (W.D.Mo. Jan. 6, 1981) (order and judgment of conviction). Count II was dismissed by the government following receipt of

BRIGHT, Circuit Judge, concurring:

I concur in the present decision only because I am bound to do so under the law of the case established by this court's *en banc* determination in *United States v. Roberts*, 644 F.2d 683 (8th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980), notwithstanding my dissenting opinion in that proceeding.

the mandate of this court in *United States v. Roberts*, 644 F.2d 683 (8th Cir.) (banc), *cert. denied,* —— U.S. ——, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980).