UNITED STATES of America, Appellee,

v.

Brenda CALLAWAY, Appellant.

No. 91–3546.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1992.

Decided Aug. 12, 1992.

Mark C. Meyer, Cedar Rapids, Iowa, for appellant.

Rodger E. Overholser, Cedar Rapids, Iowa, for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, EISELE,* Senior District Judge.

---

* THE HONORABLE G. THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

PER CURIAM.

Brenda Callaway appeals the sentence imposed by the district court at resentencing upon her guilty pleas to fraud charges. We affirm.

Callaway pleaded guilty to making a false statement to the Social Security Administration, and to concealing information affecting her continued right to receive disability benefits on behalf of her infant granddaughter Latina with the intent to obtain and misuse the benefits. The district court enhanced Callaway's base offense level under U.S.S.G. §§ 2F1.1(b)(2)(A) and 3A1.1, based on its findings that Callaway had engaged in more than minimal planning and that Latina was a vulnerable victim. The court imposed a ten-month sentence on Callaway. On appeal, this court reversed in part and remanded for resentencing because the district court had erroneously concluded Latina was a vulnerable victim. *United States v. Callaway*, 943 F.2d 29, 31–32 (8th Cir.1991) (*Callaway I*). The underlying facts are set forth in full in *Callaway I*, 943 F.2d at 30–31.

Callaway now argues that the court violated her due process rights and contravened U.S.S.G. § 6A1.3(a).[1] On resentencing, the applicable sentencing range was 2 to 8 months. The district court sentenced Callaway to a split sentence of four months in confinement and four months in a community corrections center with work release privileges, and reimposed the prior sentence in all other respects. The court relied on the hearsay statements of Callaway's daughter that Callaway had misused Latina's benefits in deciding to sentence Callaway at the top of the range. Callaway contests the court's reliance on hearsay statements.

The Court will not review Callaway's new claim. Callaway argues that the court imposed the sentence in violation of the law and incorrectly applied the Guidelines. *See*

18 U.S.C. § 3742(a)(1), (2). Assuming, without deciding, that Callaway preserved the hearsay issue for review, we decline to review it under the law-of-the-case doctrine. Under that doctrine, a decision in a prior appeal is followed in later proceedings unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice. *United States v. Unger*, 700 F.2d 445, 450 n. 10 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983); *see also United States v. Roberts*, 650 F.2d 933, 934 (8th Cir.) (per curiam), *cert. denied*, 454 U.S. 973, 102 S.Ct. 523, 70 L.Ed.2d 392 (1981).

In *Callaway I*, we noted the district court had focused on Callaway's failure to use Latina's disability benefits for the child's care and support. We concluded that the district court had not erred in finding that the offenses involved more than minimal planning. Although "Callaway's receipt of the checks may have been 'purely opportune,' Callaway's concealment of Latina's absence and her use of Latina's benefits required repeated acts over a period of time." *Callaway*, 943 F.2d at 31. Although we did not specifically address the role of hearsay evidence in the district court's finding that Callaway had misused Latina's benefits, we implicitly relied on that finding in upholding the more-than-minimal-planning enhancement. *Cf. Crum & Forster Managers Corp. v. Basin Elec. Power Co-op.*, 911 F.2d 155, 159 (8th Cir. 1990) (where court of appeals affirmed district court's dismissal of bankruptcy petition, specifically relying on two reasons for dismissal cited by district court, those reasons became law of case), *cert. denied*, —— U.S. ——, 111 S.Ct. 967, 112 L.Ed.2d 1054 (1991). Moreover, Callaway could have raised the hearsay argument in the first appeal. *See United States v. Fiallo–Jacome*, 874 F.2d 1479, 1481–83 (11th Cir. 1989); *United States v. Wright*, 716 F.2d 549, 550 (9th Cir.1983) (per curiam).

---

1. U.S.S.G. § 6A1.3(a) provides that in resolving a dispute concerning a factor important to the sentencing determination, a sentencing court may consider relevant information without regard to its admissibility under the rules of evidence if the information has sufficient indicia of reliability.

Nor does the resentencing transcript support Callaway's contention. The evidence in the resentencing transcript does not warrant a departure from the previous decision because it is not "substantially different" from the prior decision. While the law-of-the-case doctrine is a discretionary one, we conclude it would not be manifestly unjust to decline initial consideration of the hearsay issue in this appeal on that basis.

We reject Callaway's remaining arguments not addressed here.

Accordingly, we affirm.