UNITED STATES of America, Appellee,

v.

Eugene R. ROSNOW, Appellant.

UNITED STATES of America, Appellee,

v.

Harry E. CARLSON, Appellant.

UNITED STATES of America, Appellee,

v.

Leland Frederick ERICKSON, Appellant.

UNITED STATES of America, Appellee,

v.

Roger Walter SANDS, Appellant.

UNITED STATES of America, Appellee,

v.

Dennis W. SANDS, Appellant.

UNITED STATES of America, Appellee,

v.

George A. YANT, Appellant.

Nos. 93–1153, 93–1154, 93–1156 to 93–1159.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 9, 1993.

Decided Nov. 19, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied in Nos. 93–1153, 93–1156, 93–1159 Jan. 11, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied in Nos. 93–1157 and 93–1158 Feb. 28, 1994.

Larry B. Leventhal, Minneapolis, MN, argued, for Rosnow.

Michael J. Majeska, St. Paul, MN, argued, for Carlson.

Thomas H. Shiah, Minneapolis, MN, argued, for Roger Sands.

Raymond Wood, St. Paul, MN, argued, for Dennis Sands.

Whitney Edward Tarutis, Bemidji, MN, argued, for Yant.

Douglas Peine, St. Paul, MN, argued, for Erickson.

Jeffrey A. Paulsen, Asst. Atty. Gen., Minneapolis, MN, argued, for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

## PER CURIAM.

Eugene R. Rosnow, Harry E. Carlson, Melford H. Haugen, Leland F. Erickson, Roger W. Sands, Dennis W. Sands, George A. Yant, and Jeffry Morse[1] appeal from the sentences imposed following this court's remand for resentencing. *See United States v. Rosnow*, 977 F.2d 399 (8th Cir.1992) (per curiam), *cert. denied*, —— U.S. ——, 113 S.Ct. 1596, 123 L.Ed.2d 159 (1993). We affirm.

Defendants were convicted of conspiring to file false Internal Revenue Service (IRS) forms and filing false forms 1096 and 1099, in violation of 18 U.S.C. § 371, 18 U.S.C. § 1001, and 26 U.S.C. § 7206(1). Yant was also convicted of submitting false 1040 forms requesting refunds. Carlson, Erickson, Rosnow, and Roger Sands were convicted of violating 26 U.S.C. § 7212(a) by attempting to impede or obstruct an IRS investigation. We reversed defendants' conspiracy convictions on the ground that the government failed to prove the existence of one overall conspiracy as charged in the indictment, and the variance between the indictment and the proof at trial prejudiced defendants. *Id.* at 405–08. We affirmed the other convictions, rejected challenges to the sentences, and remanded for "resentencing on all substantive counts without regard to the now vacated count of conspiracy." *Id.* at 413 n. 25.

On remand, Rosnow, Erickson, and Yant challenged jurisdiction and attacked the sufficiency of the indictment charging them with the offenses. The district court[2] denied their motions and resentenced Rosnow to eight months in prison, Yant to six months, and Erickson to four months. On appeal, these defendants reiterate their arguments concerning the sufficiency of the indictment and maintain that they are entitled to a new trial on the substantive counts because they were prejudiced by being tried jointly with the other defendants.

At resentencing, Roger and Dennis Sands asked the court to reconsider the prior denial of their request for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1.[3] The court refused to do so, stating that the facts had been considered by Judge MacLaughlin, and that defendants had presented no new facts warranting reconsideration. The district court resentenced Roger Sands to twelve months in prison and Dennis Sands to eight months. On appeal, the Sands brothers argue that the district court erred by denying the reduction.

At Carlson's resentencing, he objected to the imposition of a three-level increase under U.S.S.G. § 3B1.1(b) and requested an evidentiary hearing because the court initially had premised the increase on Carlson's role in the conspiracy, and this court vacated his conspiracy conviction. The district court denied the request for an evidentiary hearing and, relying on evidence from trial, overruled Carlson's objection. On appeal, Carlson con-

---

* The Honorable Bruce Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The appeals of Morse and Haugen, No. 93–1155 and No. 93–1160, have been dismissed for failure to prosecute.

2. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

3. All defendants were initially sentenced by Judge MacLaughlin. Judge MacLaughlin became ill at the time set for resentencing and presided only at Carlson's resentencing.

tends that the district court erred by reimposing the increase.

■ The government correctly points out that the attacks on the sufficiency of the indictment leveled by Rosnow, Erickson, and Yant are beyond the scope of our remand order. However, a defendant may raise at any time the claim that the indictment fails to state an offense. *United States v. Clark,* 646 F.2d 1259, 1262 (8th Cir.1981). Therefore, defendants are not precluded from raising these claims. Upon careful review of the record, however, we conclude that the indictment was sufficient to apprise these defendants of the charges against them and to establish subject matter jurisdiction. *See United States v. Czeck,* 671 F.2d 1195, 1197 (8th Cir.1982). We also reject defendants' contention that trying them jointly with the other defendants on the conspiracy charge denied them a fair trial for the same reasons we rejected the argument in the prior appeal. *Rosnow,* 977 F.2d at 408.

■ Roger and Dennis Sands contend that the district court erred by rejecting their request to reconsider the court's previous denial of a reduction for acceptance of responsibility. We disagree. We affirmed the denial in the first appeal because defendants had testified at trial and had shown no remorse for their actions. *Id.* at 412. Thus, the law-of-the-case doctrine barred the district court from revisiting the question of acceptance of responsibility, unless defendants produced substantially different evidence or demonstrated that the prior decision was clearly erroneous and involved a manifest injustice. *See United States v. Callaway,* 972 F.2d 904, 905 (8th Cir.1992) (per curiam). We agree with the district court that defendants presented no new evidence sufficient to warrant reconsideration of this issue, although they had an opportunity to do so at the resentencing hearing.

■ Finally, Carlson argues that the district court clearly erred by reimposing the three-level increase under U.S.S.G. § 3B1.1(b). *See United States v. Adipietro,* 983 F.2d 1468, 1473 (8th Cir.1993) (standard of review). Section 3B1.1(b) provides for an increase "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."

Carlson contends that reversal of the conspiracy conviction precluded the use of the underlying conduct supporting that conviction for purposes of sentence enhancement. As the district court observed, however, this argument is meritless. *See United States v. Olderbak,* 961 F.2d 756, 765 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 422, 121 L.Ed.2d 344 (1992). However, Carlson's related contention is that there is no basis for imposing § 3B1.1 increase unless the offense of conviction involves more than one participant. *See United States v. Williams,* 891 F.2d 921 (D.C.Cir.1989). The government urges that this decision has been superseded by a clarification to the relevant Guideline. The government urges that in November, 1990, the Sentencing Commission amended § 3B1.1 to read that the "determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) ... and not solely on the basis of elements and acts cited in the count of conviction." *See United States v. Blumberg,* 961 F.2d 787, 791 (8th Cir.1992) (quoting introductory commentary to Guideline § 3B1.1).

The defendant's reliance upon the *Williams* case is misplaced. In *United States v. Caballero,* 936 F.2d 1292 (D.C.Cir. 1991), the D.C. Circuit discussed the clarifying amendment to the Guidelines and stated as follows:

Like the several courts that have addressed this issue since the clarifying amendment, we conclude that section 3B1 allows the sentencing judge to look to " 'the contours of the underlying scheme itself' rather than the mere elements of 'the offense charged.' " *United States v. Rodriguez,* 925 F.2d 107, 111 (5th Cir.1991) (quoting *United States v. Mir,* 919 F.2d 940, 945 (5th Cir.1990)). *See United States v. Fells,* 920 F.2d 1179, 1185 (4th Cir.1990) ("we reject the argument that ... a court is bound by the narrow scope of the offense for which the defendant was convicted"); *United States v. Bierley,* 922 F.2d

1061, 1065 (3d Cir.1990) ("the fact that there is only one 'defendant' does not necessarily mean that there was only one 'participant'" for purposes of 3B1); *see also United States v. Gordon*, 895 F.2d 932, 935 (4th Cir.) (Wilkins, J.) (preamendment decision written by Sentencing Commission chairman, holding that mitigating adjustment is appropriate if there has been group conduct, even if group did not participate in specific crime of conviction), *cert. denied*, 498 U.S. 846, 111 S.Ct. 131, 112 L.Ed.2d 98 (1990). Of particular interest are the Fifth Circuit decisions in *Rodriguez* and *Mir.* Before the amendment, that circuit, following our *Williams* decision, held that section 3B1 does not allow consideration of "relevant conduct" as defined by section 1B1.1. *See United States v. Barbontin*, 907 F.2d 1494 (5th Cir.1990); *United States v. Mourning*, 914 F.2d 699 (5th Cir.1990); *United States v. Alfaro*, 919 F.2d 962 (5th Cir.1990). In response to the amendment, however, the Fifth Circuit reversed direction in *Mir*, 919 F.2d at 944–46, and then, in *Rodriguez*, 925 F.2d at 110–11, explicitly rejected its earlier interpretation. Because our reasoning in *Williams*—like that in the earlier Fifth Circuit cases—was nullified by the clarifying amendment, we too must adjust our interpretation of section 3B1.

*Id.* at 1298–99 (footnote omitted).

We thus find that the trial court did not err in reimposing the three-level increase under U.S.S.G. § 3B1.1(b). JUDGMENT AFFIRMED.

IT IS SO ORDERED.