53 F.3d 335
 1995-1 Trade Cases P 70,979
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Robert A. HAVERSAT, Appellant.
 No. 94-3719.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 17, 1995.
Filed: May 2, 1995.
 
 Before BOWMAN, Circuit Judge, GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert A. Haversat appeals the sentence imposed by the district court[1] following remand from this court. We affirm.
 
 
 2
 Haversat pleaded nolo contendere to a single count of conspiring to fix prices in violation of section 1 of the Sherman Antitrust Act, 15 U.S.C. Sec. 1. The district court departed downward at sentencing and sentenced Haversat to pay a $250,000 fine, but found a reduction for acceptance of responsibility to be inappropriate. On appeal, we reversed the downward departure, finding no basis justifying departure, and affirmed the denial of an acceptance-of-responsibility reduction. United States v. Haversat, 22 F.3d 790 (8th Cir. 1994).
 
 
 3
 At resentencing, the district court refused to reconsider the issue of acceptance of responsibility, relying on our denial of Haversat's request in his first appeal that the district court be allowed to reexamine the question on remand. The court sentenced Haversat to 4 months imprisonment and 12 months supervised release (with 4 months to be served in home detention).
 
 
 4
 Haversat now challenges the district court's refusal to reopen this issue. Normally, the law-of-the-case doctrine bars the district court from revisiting the acceptance of responsibility question on remand "unless defendant[ ] produced substantially different evidence or demonstrated that the prior decision was clearly erroneous and involved a manifest injustice." United States v. Rosnow, 9 F.3d 728, 730 (8th Cir. 1993), cert. denied, 115 S. Ct. 120 (1994). Here, however, the bar to the district court revisiting the acceptance issue was even higher because in the first appeal we denied Haversat's express request to allow the district court to reopen the case on remand and we thus instructed the district court not to reopen the issue.
 
 
 5
 We conclude that the district court committed no error in following our instruction not to reopen the acceptance-of- responsibility issue on remand. Moreover, even if the district court had not found that our instructions in the first appeal completely foreclosed reopening the issue on remand, the law-of- the-case bar clearly did. Haversat's alleged "substantially different" evidence at resentencing is, in reality, more of the same type and nature as he originally presented and it is only marginally different if different at all. It is not different in substance. Nor is it "new"-most (if not all of it) was known to Haversat at the time of the original sentencing. Likewise, Haversat has not shown that the original denial of acceptance of responsibility was clearly erroneous or involved a manifest injustice. As we pointed out in the first appeal, Haversat pleaded nolo contendere to the charge against him-a plea which does not admit responsibility and he continually minimalized his role in the antitrust conspiracy throughout the proceedings. He did not deserve a second bite at the acceptance of responsibility apple.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Senior United States District Court Judge for the Eastern District of Missouri