_____

No. 95-3625
_____

United States of America,      *
                               *
            Appellee,          *
                               * Appeal from the United States
     v.                        * District Court for the
                               * District of Minnesota
Timothy Edward Graham,         *
                               *
            Appellant.         *

_____

Submitted:  May 16, 1996

Filed:  October 15, 1996
_____

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

    Timothy Edward Graham appeals from an amended judgment entered in the
United States District Court[1] for the District of Minnesota, <u>United States
v. Graham</u>, No. 4-93-134 (D. Minn. Oct. 5, 1995) (amended judgment), which
followed our remand with directions in an earlier appeal.  <u>Id.</u>, 60 F.3d
463, 469 (8th Cir. 1995) (<u>Graham</u>).  For reversal, defendant now argues that
the district court (1) erred in denying his motion for a new trial and (2)
erred in permitting the government to elect which of two multiplicitous
counts to dismiss, in accordance with our directions on remand.  For the
reasons discussed below, we affirm.

---

    [1]The Honorable David S. Doty, United States District Judge for
the District of Minnesota.

The underlying facts of this case are set forth in our prior opinion. 60 F.3d at 465-66. The following is a brief summary of the factual and procedural background. Defendant is a former attorney who owned an undivided one-half interest in a series of apartment buildings referred to as the Megra Properties. In 1991, a judgment creditor of defendant filed a judgment lien against the Megra Properties and received a writ of execution. On November 26, 1991, the day before a court-ordered sheriff's sale of the Megra Properties was to take place, defendant filed for Chapter 11 bankruptcy,[2] thus preventing the sale and forcing the judgment creditor to become a bankruptcy creditor. Defendant then failed to disclose in his schedules A and B his interest in the Megra Properties. Defendant took the position in the bankruptcy proceedings that he had transferred his interest in the Megra Properties to an irrevocable trust in his son's name on December 28, 1989, more than one year before his bankruptcy filing. On three separate occasions, when questioned in the presence of his creditors, defendant claimed that he had transferred his interest in the Megra Properties to his son's irrevocable trust on December 28, 1989. Defendant provided a document which he claimed was the original trust document reflecting the December 28, 1989, transfer of interest.

On August 25, 1993, defendant was charged with one count of concealing assets in a bankruptcy case (Count I) and three separate counts of knowingly and fraudulently making a false statement in a bankruptcy case (Counts II, III, and IV), all in violation of 18 U.S.C. § 152. Defendant moved to dismiss two of the three false statement counts on the ground that they were multiplicitous. The district court denied his motion. The case went to trial in

---

[2]The bankruptcy court later converted the case to a Chapter 7 proceeding.

December 1993. Evidence presented at trial proved that the trust document upon which defendant had relied was not created until 1991. Defendant was found guilty on Counts III and IV, each for knowingly and fraudulently making a false statement in the bankruptcy case. He was sentenced to 30 months on each count, to run concurrently. He appealed from the judgment and argued, among other things, that the district court had erred in denying his motion to dismiss two of the three false statement counts. In an opinion dated July 14, 1995, we agreed with defendant's multiplicity argument and reversed and remanded on that limited basis. We instructed the district court as follows: "Graham's convictions are reversed and vacated. This case is remanded to the district court with directions to order the government to elect which § 152 count of conviction it wishes to leave in effect, after which the district court must resentence the defendant." Graham, 60 F.3d at 469.

Following our limited remand, the government moved to dismiss Count III of the indictment, and the district court granted the motion on September 12, 1995. On October 2, 1995, defendant moved in the district court for a new trial raising for the first time the argument that the district court had erred in failing to instruct the jury that "materiality" is an element of a § 152 false statement offense. The district court denied the motion. United States v. Graham, No. 4-93-134 (D. Minn. Oct. 5, 1995) (order). The district court sentenced defendant on the remaining count (Count IV) to one 30-month prison term, the same sentence that the district court had originally imposed concurrently on each of Counts III and IV. The district court entered an amended judgment, and defendant appealed.

## II.

Defendant first argues that the district court erred in denying his motion for a new trial on the ground that the jury

should have been instructed on "materiality" as an element of the offense. He maintains that materiality is an essential element of a § 152 false statement offense under United States v. Gaudin, 115 S. Ct. 2310 (1995), in which the Supreme Court held that the government must prove materiality of the alleged false statement when a defendant is charged with violating 18 U.S.C. § 1001 (false statements or entries regarding a material fact made to the United States). The district court denied defendant's motion for a new trial on the ground, among others, that defendant's new trial motion was procedurally barred in light of this court's limited remand. Defendant argues in the present appeal that his motion for a new trial was not procedurally barred because he "filed a motion for a new trial in a timely fashion as measured from the point where the District Court ruled on which count he would stand convicted of." Brief for Appellant at 7. He further claims "[t]his was done in compliance with Rule 33 of the Federal Rules of Criminal Procedure." Id.

Upon review, we hold that the district court did not err in denying defendant's motion for a new trial as untimely filed. We therefore decline to address the merits of defendant's argument. Rule 33 of the Federal Rules of Criminal Procedure states that a motion for a new trial based on any ground other than newly discovered evidence "shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Defendant's contention that his new trial motion was timely filed under Rule 33 fails for two reasons. First, under Rule 33, defendant had seven days after the jury's guilty verdict to file his motion for a new trial or to obtain an extension of time in which to file. Defendant did neither during the seven days after the jury reached its verdict.[3] Moreover, our

_____

[3]Indeed, United States v. Gaudin, 115 S. Ct. 2310 (1995), which provided the basis for defendant's new trial theory, was decided on June 19, 1995, eighteen months after the trial in the present case. We note that our holding today does not prejudice defendant's right
to assert his argument based upon Gaudin in a petition brought pursuant to 28 U.S.C. § 2255.

-4-

limited remand conditionally vacated defendant's convictions -- or, in other words, set aside the judgment -- for the purpose of allowing the government to elect which count to dismiss and which count to "leave in effect." Graham, 60 F.3d at 469. We did not set aside the jury's verdict or findings of guilt. Therefore, our limited remand did not impact the operation of Rule 33 in the present case. Second, even if we were to agree with defendant's position (which we do not) that his rights under Rule 33 were renewed at "the point where the District Court ruled on which count he would stand convicted of," Brief for Appellant at 7, his motion would still have been untimely. The district court's order was entered on September 12, 1995; defendant filed his motion for a new trial on October 2, 1995, well over seven business days later.

### III.

Defendant next argues that the district court erred in failing to require the government to elect Count IV for dismissal. On remand, the government moved to dismiss Count III. The district court granted the government's motion and sentenced defendant on Count IV. Defendant argues that, consistent with cases from this and other circuits, the proper count to dismiss is the one that "creates" the multiplicity or, in other words, the count based upon acts or events occurring later in time. In the present case, the conduct charged in Count IV occurred later in time.

Upon review, we hold that the district court's grant of the government's motion to dismiss Count III of the indictment was in complete accordance with our prior opinion in Graham, 60 F.3d at 469 ("[t]he proper course is to remand this case for resentencing and direct the government to elect the false statement count that it wishes to leave in effect"). Therefore, we uphold the district

court's dismissal of Count III upon the government's election under the law-of-the-case doctrine, particularly because defendant has not shown that he has suffered any prejudice resulting from the decision to leave Count IV in effect.  See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (a decision in a prior appeal must be followed in a later proceeding unless a party introduces substantially different evidence or the prior decision is clearly erroneous and works a manifest injustice), quoting United States v. Callaway, 972 F.2d 904, 905 (8th Cir. 1992) (per curiam); United States v. Rosnow, 9 F.3d 728, 730 (8th Cir. 1993) (per curiam) (same), cert. denied, 115 S. Ct. 120 (1994).

IV.

For the foregoing reasons, the amended judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.