# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3459

_____

United States of America,        *
                                          *

        Appellee,           *

                                      *   Appeal from the United States
        v.                     *   District Court for the Western
                                        *   District of Arkansas.

Kevin Manfre,              *

                                        *         [UNPUBLISHED]
        Appellant.          *

_____

Submitted: April 7, 2005
Filed: April 12, 2005

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal after remand, Kevin Manfre challenges the sentence the district court imposed after a jury found him guilty of criminal offenses arising from the blowing up of a nightclub he owned. Mr. Manfre received a sentence calculated under the federal Sentencing Guidelines. He argues that sentence enhancements he received for obstruction of justice and for his role in the offense violate his Sixth Amendment rights under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

During the pendency of this appeal, the Supreme Court held in United States v. Booker, 125 S. Ct. 738, 755-56 (2005), that the reasoning in Blakely applies to the federal Sentencing Guidelines, and therefore that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty ... must be admitted by the defendant or proved to a jury beyond a reasonable doubt." The sentence enhancement for obstruction of justice--which was not based on facts established by a jury or admitted to by Mr. Manfre--violated Mr. Manfre's constitutional rights as interpreted by Booker; and Mr. Manfre preserved the Sixth Amendment argument below. See Booker, 125 S. Ct. at 765; United States v. Adams, Nos. 03-2137, 03-1305, 2005 WL 646370, at *11 (8th Cir. Mar. 22, 2005) (defendant preserved Sixth Amendment argument by raising objection to his sentence below based on Apprendi v. New Jersey, 530 U.S. 466 (2000); vacating sentence and remanding for resentencing in accordance with Booker).

Accordingly, we vacate the sentence and remand to the district court so that Mr. Manfre may be sentenced in accordance with Booker.

_____