# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-3377/3565

_____

United States of America,                *
                                         *
      Appellee/Cross-Appellant,    *
                                         *   Appeal from the United States
      v.                           *   District Court for the Western
                                         *   District of Arkansas.
Kevin Manfre,                            *
                                         *
      Appellant/Cross-Appellee.    *

_____

Submitted: June 14, 2006
Filed: August 8, 2006

_____

Before LOKEN, BEAM, and ARNOLD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

For the third time, we are asked to review the sentence imposed on Kevin Manfre following his convictions for solicitation, conspiracy, arson, racketeering, and fraud. Mr. Manfre was the owner of an unsuccessful nightclub that exploded one evening. Tragically, the explosion killed a former employee of the club, David Rush. A jury determined that Mr. Manfre had hired Mr. Rush to destroy the club so that Mr. Manfre could collect on its insurance policy. After two previous appeals and remands, the district court resentenced Mr. Manfre to 144 months in prison. Both Mr. Manfre and the government again appeal. Because the record suggests that the district court may have erred in calculating the advisory guidelines range for Mr. Manfre, we reverse and remand.

## I.

The details of Mr. Manfre's trial and initial sentencing are recounted in our first opinion in this matter, *United States v. Manfre*, 368 F.3d 832 (8th Cir. 2004) (*Manfre I*). In that opinion, we affirmed Mr. Manfre's convictions, but reversed the sentence of fourteen years (168 months) imposed by the district court. *Id.* at 837, 846. The government appealed that sentence after the district court declined to impose a two-level enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1. The sentencing transcript led us to think that the district court's reason for failing to impose the enhancement was its belief that the enhancement did not apply to unsuccessful attempts to obstruct justice. *Manfre*, 368 F.3d at 845. Based on our understanding of the district court's findings and the fact that the relevant guidelines provision indicates that the enhancement generally is appropriate when a defendant "attempt[s] to obstruct" justice, U.S.S.G. § 3C1.1, we reversed and remanded the case "for resentencing consistent with this opinion." *Manfre*, 368 F.3d at 844-46.

At the resentencing hearing, the district judge took issue with the underlying premise of our opinion. His decision not to impose the enhancement, he said, was *not* based on the fact that Mr. Manfre merely attempted to obstruct justice:

> THE COURT: ... I listened very intently to almost two weeks of testimony. I did not find, sir, that you had obstructed justice, but rather, found that you had not obstructed justice. And I apparently was not very articulate in expressing the reasons why you didn't, Mr. Manfre, and maybe I bear some responsibility for the fact that you have been now assessed these two additional points for acceptance of responsibility. [sic] I cannot and would not criticize the decision of the Eighth Circuit. ... We're here today for me to add, according to the mandate, these two additional points for obstruction of justice.

Believing itself bound to impose the two-level enhancement, the district court recalculated the guidelines range and sentenced Mr. Manfre to 210 months, the low end of the range provided for the defendant's offense.

While Mr. Manfre's appeal of his second sentence was pending, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Court concluded that the mandatory federal sentencing guidelines violated the sixth amendment, but that the guidelines could be preserved so long as they were advisory. *Id.* at 233-34, 245-46. In light of *Booker*, we reversed Mr. Manfre's sentence and once again remanded the case to the district court for resentencing. *United States v. Manfre*, No. 04-3459, 2005 WL 834662 (8th Cir. 2005) (per curiam) (*Manfre II*).

At the third sentencing hearing, the district court revisited the obstruction of justice enhancement. Again, the court indicated that while it did not believe that the government had proved obstruction of justice, it considered itself bound to impose the enhancement:

> THE COURT: ... My reasoning [for not imposing the enhancement at the first sentencing] was that if it was an obstruction of justice, it was not a very good effort. And that may have been, Mr. Manfre, in retrospect, that may have been an error on my part in not more fully explaining what I – how I thought there had been no obstruction of justice effort.
> . . .
> I'm going to find, going to conclude that the offense level has been set by the Eighth Circuit. I don't believe I have any authority to vary from the offense level computation.

The district court again concluded that the advisory sentencing range was 210 to 262 months. The court then indicated that it would exercise its discretion to vary from the advisory guidelines and imposed a sentence of 12 years (144 months).

II.

Mr. Manfre contends that the district court violated his sixth-amendment rights when it calculated his guidelines range by applying the guidelines' cross-reference to homicide, as provided by U.S.S.G. § 2K1.4(c)(1). *See also* U.S.S.G. Ch. 2, Pt. A (1). He argues that because he was not convicted of homicide, the district court should not have referred to the homicide guidelines in calculating his sentence. We reject this argument. Under the advisory-guidelines system imposed by *Booker*, the district court may refer to the homicide guidelines as § 2K1.4(c)(1) instructs and select the most applicable offense. *See United States v. Sherrod*, 445 F.3d 980, 983 (7th Cir. 2006); *cf. United States v. Bah*, 439 F.3d 423, 426 n.1 (8th Cir. 2006).

III.

The government argues that Mr. Manfre's sentence is unreasonable because of its significant variance from the advisory range calculated by the district court. Generally, we review the reasonableness of a sentence in the same way that we review for an abuse of discretion. *See United States v. Dalton*, 404 F.3d 1029, 1032 (8th Cir. 2005). Before we can embark on this review, however, we must be satisfied that the district court correctly calculated the advisory guidelines range for Mr. Manfre. A correct calculation is essential to our review because the reasonableness of a variance from the guidelines range is judged, in part, by the extent of that variance. *See, e.g.*, *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006); *United States v. Gatewood*, 438 F.3d 894, 896-97 (8th Cir. 2006); *United States v. Kicklighter*, 413 F.3d 915, 918 (8th Cir. 2005). Mr. Manfre's 144-month sentence obviously would vary more from a guidelines range of 210 to 262 months (the range with the obstruction of justice enhancement) than it would from a range of 168 to 210 months (the range without the enhancement).

We are not confident that the district court correctly calculated the guidelines range for Mr. Manfre. This is because the court believed that our opinion in *Manfre I* required the imposition of an enhancement for obstruction of justice. Our opinion in

*Manfre I* was premised on our belief that the district court had found that Mr. Manfre had engaged in conduct in an attempt to obstruct justice but did not think that this was enough for it to impose the enhancement. The district court's comments on remand, however, indicate that it did not believe that the government had proved that Mr. Manfre even attempted to obstruct justice.

Despite the district court's stated reservations, it nonetheless imposed the enhancement on remand because it felt bound by the law of the case. The law-of-the-case doctrine ordinarily requires a trial court to follow the decision of an appellate court with respect to all issues addressed by that opinion. *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). But we believe that our opinion in *Manfre I* did not address or resolve the question of whether Mr. Manfre actually engaged in conduct that would support the enhancement. Instead, it relied on our (evidently erroneous) conclusion that the district court had found that Mr. Manfre made an attempt to obstruct justice. If this conclusion was mistaken, nothing in the opinion or its mandate prevented the district court from correcting our error and clarifying its reasons for rejecting the enhancement. *Cf. Bartsh*, 69 F.3d at 866. Even if we had addressed the issue squarely in *Manfre I*, the law-of-the-case doctrine would not prevent the district court from revisiting the matter if our prior decision was " 'clearly erroneous and work[ed] a manifest injustice.' " *Id.* (quoting *United States v. Callaway*, 972 F.2d 904, 905 (8th Cir. 1992) (per curiam)). We believe that the imposition of a sentencing enhancement that is contrary to the district court's factual findings would constitute a manifest injustice if those findings are supported by the evidence.

We review a district court's findings underlying an obstruction of justice enhancement for clear error, although we review *de novo* the determination of whether the enhancement applies. *See United States v. Sitting Bear*, 436 F.3d 929, 933 (8th Cir. 2006). We could avoid remanding this case again if the evidence against Mr. Manfre was so strong that it would be error not to impose the enhancement. The government's argument in support of the enhancement relied on a collection of

statements that Mr. Manfre allegedly made to investigators about his relationship with Mr. Rush, his duties at the club, the status of the club's finances, and his actions before and during the night the club exploded. But the enhancement does not apply merely because a defendant made false statements or denied the accusations against him. *Sitting Bear*, 436 F.3d at 934. We cannot say that the evidence in this case compelled the district court to impose the enhancement. We therefore must remand for resentencing.

Our decision to remand this case for a fourth resentencing should not be viewed as a criticism of the district court's handling of the case. The record reflects that the court, despite its disagreement with our decision, did its best to comply with and implement our opinion in *Manfre I*. We understand the negative impact that these multiple proceedings may have on the families of Mr. Rush and Mr. Manfre. Unfortunately, Mr. Manfre's case has come before us at a time of great uncertainty about the law of federal sentencing, which has served to prolong the sentencing process despite the best efforts of the courts involved.

## IV.

For the reasons stated, we reject the contentions raised in Mr. Manfre's appeal, we reverse the sentence imposed by the district court, and we remand for further resentencing consistent with this opinion.

_____