# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1283

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Clarence Stevens, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 4, 2008
Filed: January 22, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Clarence Stevens (Stevens) appeals the 60-month's imprisonment the district court[1] imposed after this court remanded for resentencing. See United States v. Wintermute, 443 F.3d 993 (8th Cir. 2006). Stevens argues (1) the government should not have been allowed to present evidence at the resentencing hearing, and (2) his sentence violates the Sixth Amendment, because the sentencing enhancements he received were based on facts not found by a jury or admitted by him.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

We conclude (1) the law-of-the-case doctrine required the district court to follow this court's mandate to allow the government to present evidence at resentencing, giving all parties a full resentencing hearing; and (2) Stevens has not shown that the law of the case should not apply here. See United States v. Huber, 462 F.3d 945, 953 (8th Cir. 2006) (declaring the law of the case requires a trial court to follow the decision of the appellate court with respect to all issues addressed by the opinion); United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (explaining the law of the case prevents relitigation of settled issues and requires courts to adhere to decisions made in earlier proceedings to ensure uniformity, protect expectations, and promote judicial economy); United States v. Callaway, 972 F.2d 904, 905 (8th Cir. 1992) (per curiam) (stating the law of the case should be followed unless a party "introduces substantially different evidence, or [the] prior decision is clearly erroneous and works  manifest injustice").

We further conclude Stevens's sentence does not violate the Sixth Amendment because there is no indication the district court viewed the Guidelines as mandatory. See United States v. Booker, 543 U.S. 220, 233-37, 245, 258-59 (2005) (concluding the Sixth Amendment problem resulting from the mandatory nature of the Guidelines is remedied by making the Guidelines advisory); United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005) (ruling, after Booker, the district court may enhance a sentence based on judge-found facts if the court views the Guidelines as advisory).

Steven argues in his brief the "increase in the offense level in the case at bar skews the 'reasonableness' analysis."  We further review the sentence for reasonableness, finding no abuse of discretion by the district court, and conclude the sentence is not unreasonable.  See Gall v. United States, __ U.S. __, 128 S. Ct. 586, 596-97; Rita v. United States, __ U.S. __ 127 S. Ct. 2456, 2462 (2007); and Booker, 543 U.S. at 261.

We affirm.

_____